FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   ~~ 1 6 2006   ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

MOHAMMED N. AHMED,

         Petitioner,

  -against-

DISTRICT ATTORNEY RICHARD BROWN,[1]

         Respondent.
----------------------------------X

MEMORANDUM
AND ORDER
06-CV-02857 (CBA)

AMON, United States District Judge:

    The petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. The Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of his petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] Therefore, the Court orders the petitioner to show cause within sixty days of the entry of this order, why the Court should not dismiss his petition as time-barred.

## BACKGROUND

    On or about June 9, 2004, the petitioner was convicted of grand larceny in the fourth degree pursuant to a guilty plea in New York Supreme Court, Queens County. He was sentenced to one year. It is unclear where petitioner served his sentence or when he was released from state custody. Petitioner is currently in the custody of the BICE at Middlesex County Adult Correction Center in New Brunswick, New Jersey.[3]

On September 14, 2005, the petitioner moved in New York Supreme Court, Queens County, for post-conviction relief on the grounds that he received ineffective assistance of counsel. Specifically, the petitioner argued that his attorney failed to explain that the petitioner might face deportation as a collateral consequence of his guilty plea -- or worse, actually misinformed the petitioner that he would not face deportation if he entered a guilty plea. On December 13, 2005, the court denied the petitioner's motion. Pet. at ¶ ¶ 10(d), 12 (a)(6). Petitioner states that the appeal of that decision is still pending with the Appellate Division, Second Department.[4]

The petitioner argues that he received ineffective assistance of counsel in violation of the Sixth Amendment, because his attorney failed to inform - or misinformed - him regarding the collateral immigration consequences of his guilty plea. He informs the Court that when he asked counsel if he would be deported, he was told that he would not be deported as a result of the plea. (Pet. at ¶ 13).

## DISCUSSION

With the passage of AEDPA, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations period runs from the date on which one of the following four events occurs, whichever is latest:

(A)   the direct review of the petitioner's conviction is concluded;

(B)   an unconstitutional or illegal state-created impediment which precluded the petitioner from filing his petition was removed;

(C)   a new constitutional right was announced by the Supreme Court, and made retroactively applicable to cases on collateral review; or

(D)   the factual predicate for the petition was – or could have been – discovered by the

petitioner through exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). See also Cook v. N.Y. State Div. of Parole, 321 F.3d 274 (2d Cir. 2003).

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred under the Act. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final.[5] The petitioner was convicted on June 9, 2004. When petitioner entered his guilty plea, he waived his right to appeal. Since petitioner did not file any direct appeal of his conviction, under New York law, petitioner's conviction became final thirty days from the date of his conviction, on July 9, 2004. See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (judgment of conviction becomes final when the thirty days in which to seek direct review of the conviction expires). Therefore, absent some tolling of the one-year statute of limitation, petitioner had until July 9, 2005 to file his habeas petition. The instant petition dated April 15, 2006 was filed over ten months after the statute of limitation period expired.

28 U.S.C. 2244(d)(2) provides for the one-year statute of limitation period to be tolled while state post-conviction motions are pending. A properly filed motion to vacate judgment under N.Y. Crim. Proc. L. § 440.10 is a state remedy that justifies statutory tolling. See Pratt v. Greiner, 306 F.3d 1190, 1191 (2d Cir. 2002). A petitioner who brings a motion to vacate a judgment is entitled to statutory tolling while the proceedings are pending, i.e., "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999). Petitioner states that he filed a post-conviction motion in Queens County Supreme Court on September 14,

2005. Pet at ¶ 12(a)(5). Petitioner is advised that filing a post-conviction motion does not start the one-year statute of limitations period to run anew. 28 U.S.C. § 2244(d)(2). Rather, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d cir. 2000) (*per curiam*). Here, the one year limitations period had expired before he filed the post-conviction motion on September 14, 2005 and so the filing o f this post-conviction motion does not toll the statute of limitations period.

Petitioner is hereby directed to show cause by written affirmation, within sixty days from the date of this Order, why the statute of limitations should not bar the instant petition.[6] Day v. McDonough, __ U.S. __, 126 S.Ct. 1675 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). No response shall be required at this time and all further proceedings shall be stayed for sixty days or until the petitioner has complied with this Order.

Furthermore, the statute of limitations period may be equitably tolled if petitioner can demonstrate that (I) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred.

SO ORDERED.

/s/ Hon. Carol B. Amon
_____
CAROL BAGLEY AMON

Dated: Brooklyn, New York
       June 12, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

MOHAMMED N. AHMED,

                Petitioner,

-against-                                                                                   PETITIONER'S
                                                                                            AFFIRMATION
DISTRICT ATTORNEY RICHARD BROWN,                                                            06-CV-02857 (CBA)

                Respondent.
_____X

STATE OF _____   }
COUNTY OF _____  } SS:

      Mohammed N. Ahmed makes the following affirmation under the penalties of perjury:

      I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year statute of limitations because_____

_____

_____

_____

_____

_____

_____

—_____

_____

—_____

_____

—_____

_____

—_____

_____

—_____

_____

—

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____
City, State & Zip Code

[1] The proper respondent in a habeas corpus petition is the officer having custody of the applicant. Rule 2(a) of the Rules Governing Section 2254 Cases.

[2] Petitioner is challenging the validity of his state conviction on the grounds that his counsel failed to inform him of "possible deportation col[l]ateral consequences," Petition at ¶ 10(e), not an order of removal. Petitioner has not alleged in the instant habeas application that the Bureau of Customs and Immigration Enforcement (BICE) has improperly relied upon the state conviction to justify his confinement and intended deportation, a circumstance in which a petition brought pursuant to 28 U.S.C. § 2241 would be warranted. Instead, he challenges directly the state conviction, which must be done pursuant to 28 U.S.C. § 2254 and the timeliness provisions of 28 U.S.C. § 2244.

[3] As the petition appears to be time-barred, the Court reserves the question of whether petitioner's current incarceration at Middlesex County Adult Correction Center facing deportation satisfies the "in custody pursuant to the judgment of a State court" standing requirement of 28 U.S.C. § 2254(a). Compare, Ambimbola v. People, No. 02 Civ. 6305, 2003 WL 22952852, at * 1 (E.D.N.Y. Oct. 10, 2003 (JBW) (petitioner's "BICE incarceration and imminent deportation were attributable at least in part to the state conviction and are therefore ' collateral consequences' of the conviction sufficient to satisfy the 'in custody' standing requirement of section 2254") (citing Spencer v. Kenna, 523 U.S. 1, 7 (1998); with Harris v. INS , No. 03 Civ. 2399, 2004 WL 951510, at * 2 (E.D.N.Y. April 29, 2004) (SJ) (petitioner held in Pennsylvania prison and against whom a final order of deportation had been entered did not satisfy the "in custody" standing requirement of 28 U.S.C. § 2254(a)) (citing Maleng v. Cook, 490 U.S. 488, 491-92 (1989)), Adegbuji v. United States, No. 03 Civ 2667, 2003 WL 2191122 (S.D.N.Y. 2003) (holding that petitioner's "current INS incarceration is a collateral consequence of his convictions for the purposes of Section 2255" insufficient to satisfy the "in custody" requirement of that statute) and Cuevas v. People, No. 01 Civ. 2550, 2002 WL 206985 (S.D.N.Y. 2002) ( "A habeas petitioner who has completed his sentence and was the subject of an INS deportation order cannot attack his underlying state court criminal conviction in a federal habeas corpus proceeding because he was no longer in custody with respect to the expired state conviction.").

[4] The petition also appears to be premature under the AEDPA because petitioner's appeal is

still pending. A petitioner seeking to challenge his state conviction in federal court must first exhaust all his available state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A), (B); see Keeney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992) (reaffirming that a state prisoner must exhaust state remedies before a writ of habeas corpus may be granted by a federal court). The AEDPA specifically provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To satisfy the exhaustion requirement, the petitioner must have "fairly presented" his federal claim to the highest state court from which a decision can be had. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Grey v. Hoke, 933 F.2d 117 (2d Cir. 1991); Daye v. Attorney General, 696 F.2d 186, 190 n. 3 (2d Cir. 1982).

[6] An affirmation form is attached to this Order for petitioner's convenience.