UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

MOHAMMED N. AHMED,

        Petitioner,

  -against-                                          MEMORANDUM
                                                                          AND ORDER
DISTRICT ATTORNEY RICHARD BROWN, [1]        06-CV-02857 (CBA)

        Respondent.
──────────────────────────────────────X

AMON, United States District Judge:

      On April 21, 2006, petitioner filed this *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court, Southern District of New York. On May 10, 2006, the petition was transferred to this Court because it challenges the constitutionality of his conviction in the New York Supreme Court, Queens County. By Order dated June 12, 2006, petitioner was directed to show cause by affirmation within sixty days, why his petition should not be dismissed as time-barred. Petitioner's affirmation, received July 13, 2006, fails to demonstrate that the instant petition is timely. Therefore, the petition is dismissed as time-barred.

      The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations during which petitioners must file their petitions for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

---

[1] The proper respondent in a habeas corpus petition is the officer having custody of the applicant. Rule 2(a) of the Rules Governing Section 2254 Cases.

1

review." Id. Petitioner pled guilty to grand larceny in the fourth degree June 9, 2004. He did not seek direct review of his conviction, so his conviction became final for purposes of federal habeas review on July 9, 2004, upon the expiration of the thirty-day period provided by New York Criminal Procedure Law § 460.10 for filing a direct appeal. Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002). To fall within the one-year statute of limitations, the instant petition should have been filed on or before July 9, 2005. Petitioner filed his petition on April 15, 2006,[2] ten months after the one-year limitations period expired. Thus, absent the requisite amount of tolling, his application is barred as untimely.

As for tolling, AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Here, the one year limitations period had expired before petitioner filed a post-conviction motion in Queens County Supreme Court on September 14, 2005, Pet at ¶ 12(a)(5), and so the filing of this post-conviction motion does not toll the statute of limitations period.

Accordingly, the petition is time-barred unless there is a basis for equitable tolling of the

---

[2]According to petitioner, he delivered the instant petition to prison authorities for mailing to the district court on April 15, 2006. Petition at 6. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing). The Pro Se Office of the United States District Court, Southern District of New York, received the instant petition on April 21, 2006.

time limitation. Petitioner's affirmation does not assert facts that would warrant such a finding.

Equitable tolling is appropriate only where "rare and exceptional circumstance" prevented the petitioner from filing his application on time. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal citations omitted). Petitioner argues that "he has been unable to afford an attorney who would advise him about one-year limitation," that his access to legal materials has been extremely limited and that he has been forced to rely on unreliable information from other BICE detainees. Affirmation at 1-2. Courts have routinely declined to toll the statute of limitations on these bases. See Doyle v. Yelich, No. 05 Civ. 2750, 2005 WL 2475727, *2 (E.D.N.Y. Oct. 7, 2005) (A petitioner's pro se status and ignorance of the law do not warrant equitable tolling); Williams v. Breslin, No. 03 Civ. 1848, 2004 WL 2368011, *6 (S.D.N.Y. Oct. 20, 2004) (A lack of legal knowledge cannot excuse a delay in filing a petition); Ayala v. Miller, No. 03 Civ. 3289, 2004 WL 2126966, at *2 (E.D.N.Y. Sept. 24, 2004) ("Neither a prisoner's pro se status, nor his lack of legal expertise, provides a basis for equitable tolling of AEDPA's statute of limitations."); Gillyard v. Herbert, 01 Civ. 3427, 2003 WL 194692, at *3 (S.D.N.Y. Jan. 30, 2003) (petitioner's pro se status, and concomitant ignorance of the law, does not equitably toll the AEDPA); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of law and legal procedure is not an extraordinary circumstance to warrant equitable tolling); Martinez v. Kuhlmann, No. 99 Civ. 1094, 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) (noting that "to permit equitable tolling in all cases involving such problems would frustrate the statute's objectives, because many inmates could make the same claims"); Fennell v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (holding that equitable tolling based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research, would undermine

the AEDPA statute of limitations). No extraordinary circumstances have been presented which would warrant equitable tolling.

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
August 14, 2006